MEADER, *Respondent,*

*v.*

ORBIT INN CORPORATION, *Defendant,*
LANGENFELD et ux, *Appellants.*

(No. 14061, SC P 2478)

556 P2d 1365

*Irvin D. Smith,* Burns, argued the cause and filed a brief for appellants.

*Ronald M. Somers,* The Dalles, argued the cause and filed a brief for respondent.

Before Denecke, Chief Justice, and O'Connell, Holman, Howell and Bryson, Justices.

PER CURIAM.

## PER CURIAM.

This is an action to recover upon an agreement to pay a debt incurred by another. Defendants Langenfeld appeal from a judgment for plaintiff which was entered pursuant to a trial to the court without a jury.

Plaintiff furnished work and material in the construction of a motel for defendant Orbit Inn Corporation at the request of one Shannon, who was then the owner of all the stock of the corporation. Before completion of the motel, the stock of the corporation was sold to the Langenfelds who, plaintiff claims, orally promised to pay him the balance owed by the corporation. The Langenfelds claim that the trial court erred in failing to grant their motion for a directed verdict because the promise, if made, came within the terms of the statute of frauds, ORS 41.580(2).[1]

There is evidence from which the trier of the facts could find that the promise was made with the intent that plaintiff rely thereon and not assert his legal rights against the corporation, so that the Langenfelds would have an opportunity to work out the corporation's financial problems, and that plaintiff did so rely and did not assert his rights. When the promise to pay the debt of another is relied upon and the reliance is sought to subserve the business purposes of the promisor, the promise does not come within the purview of ORS 41.580(2). *Umpqua Valley Bank v. Wilson,* 120 Or 396, 407, 252 P 563 (1927). In addition, if the promisee relies upon the promise and does whatever is requested as consideration for the promise

---

[1] "In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than in writing, or secondary evidence of its contents in the cases prescribed by law:

"* * * * *.

"(2) An agreement to answer for the debt, default or miscarriage of another.

"* * * * *"

to pay the debt of another, the promise is taken out of the statute. *Clark v. Portland Trust Bank et al,* 221 Or 339, 354-55, 351 P2d 51 (1960); *Smith v. Portland Fed S & L Ass'n.,* 207 Or 546, 555-56, 296 P2d 481, 298 P2d 185 (1956); 37 CJS 773, *Frauds, Statute of* § 253 (1943); Restatement (Second) of Contracts § 217A (rev Tent. Draft 1973).

The judgment of the trial court is affirmed.